I concur in the result Justice Maddox would reach in his dissent. I admit that I was one Justice who had a hostility to arbitration. This hostility was based upon the Constitution of Alabama of 1901, Article I, §§ 11 and 36, by which the right to trial by jury was to remain inviolate forever, being excepted out of the general powers of *Page 562 
government to alter. In keeping with these constitutional provisions, the Legislature duly enacted a law making an agreement to arbitrate unenforceable. Given our principles of law, this Court cannot declare an act of the Legislature unconstitutional unless it is clear beyond a reasonable doubt that the act violates the Constitution. White v. Reynolds MetalsCo., 558 So.2d 373, 383 (Ala. 1989), cert. denied, 496 U.S. 912,110 S.Ct. 2602, 110 L.Ed.2d 282 (1990). Clearly, the legislative act did not violate the Alabama Constitution. However, the Supremacy Clause of the Constitution of the United States allows the United States Supreme Court to trump the decisions of state supreme courts. I think the United States Supreme Court did that in Allied-Bruce Terminix Companies v. Dobson., 513 U.S. 265,115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Therefore, I defer to the ruling of that higher Court. I dissent.